# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS L. WITCHEY, | ) | CASE NO. 5:22-cv-306 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| PORTAGE COUNTY, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Travis L. Witchey ("Witchey") filed this action against the following defendants: Portage County Commissioners, Portage County Jail, Ravenna Police Department, University Hospital, North Coast Hospital, Kevin Coleman Professional Services, Corporal Hollenbaugh, Deputy Schifko, Deputy Eddy Neer, Judge Becky Doherty, Kevin Nickelino, Jason Vaughn, Deputy Shawn Lansinger, Deputy Barry Thrush, Deputy Owens, Officer Tawney, United States of America, U.S. Navy, and Havens of Rest. (Doc. No. 1 (Complaint).) For the following reasons, this action is dismissed.

## I. Background

On February 23, 2022, Witchey filed a complaint containing very few factual allegations. As best the Court can discern, Witchey's complaint concerns his arrest and detention in the Portage County Jail. Witchey alleges that from 2019 to 2021, he "has had several incidents happen to [him]." (*Id.* at 12.[1]) According to Witchey, he believes he is a victim of corruption and

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

organized crime, including "blatant attempts to silence [him], attempts to murder [him], assault, harass and terrorize [his] life." (*Id*.) He alleges in a conclusory fashion that he was "beaten by officers, taisered [sic], cut, held down, kidnapped, taken to a garage, hog tied during transport, put in a restraint chair, injected with drugs and foreign substances, intentionally was made sick . . . was refused proper medical attention, was not taken to a hospital, was deprived of rights, [and was] forced into mental health evaluations[.]" (*Id*.) Witchey alleges that the individuals "involved" are "officers, deputies, judges, attorneys, wards of the Court, and higher up gang members." (*Id.* (capitalization omitted).) As a basis for jurisdiction, Witchey cites the Fifth, Sixth, Eighth, and Fourteenth Amendments. (*Id.* at 3.)

In his request for relief, Witchey states that he seeks an investigation and accountability and punishment for those individuals involved. He appears to also seek monetary damages, however, he failed to indicate the amount. (*See id.* at 5.)

## II. Discussion

### A. Standard of Review

By separate order, the Court has granted this *pro se* plaintiff's motion to proceed *in forma pauperis* (Doc. Nos. 2, 3, and 4.) Accordingly, because Witchey is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be

granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir. 1998).

### B. Analysis

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520–21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National*

*Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted).

Here, Witchey fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to connect any alleged occurrence to any specific injury, and he fails to identify how each of the defendants harmed him. Indeed, Witchey fails to include virtually any factual allegations, he does not assert a discernable claim based on recognized legal authority, and he fails to assert specific claims against individual defendants in the body of the complaint. Merely listing defendants in the caption of the complaint, but raising no specific factual allegations against each defendant, is insufficient to raise a plausible claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)). This Court and the defendants are left to guess at basic elements of Witchey's claim. The complaint does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8 and is therefore dismissed on this basis.

### III. Conclusion

For the foregoing reasons, this action is dismissed. To the extent Witchey's "motion to proceed *in forma pauperis*, to appoint counsel" (Doc. No. 3) can also be construed as a motion for the appointment of counsel, the motion is denied. The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.


Dated: July 8, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**